Richard M. **PARKER**, et al., Plaintiffs,

v.

David S. **WAKELIN**, et al., Defendants.

Civ. No. 94–157–P–C.

United States District Court,
D. Maine.

June 2, 1995.

See also 882 F.Supp. 1131.

Kaign Smith, Jr., Donald F. Fontaine, Fontaine & Beal, P.A., Portland, ME, for plaintiff.

H. Cabanne Howard, Asst. Atty. Gen., Augusta, ME, for defendant.

*MEMORANDUM AND ORDER ON DE-FENDANTS' MOTION TO DISMISS AS TO COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT*

GENE CARTER, Chief Judge.

Plaintiffs, the Maine Education Association ("MEA") and four classes of public school teachers as members of the Maine State Retirement System ("MSRS") bring this action seeking declaratory and injunctive relief and challenging amendments enacted by the Maine Legislature in 1993 which modify certain aspects of the MSRS ("the 1993 amendments"). P.L.1993, ch. 410, Part L, §§ 12, 13, 28, 31–37 (codified as amended at 5 M.R.S.A. §§ 17001, 17701–B, 17806, 17851, 17852). Defendants filed a Motion to Dismiss (Docket No. 11) on all counts of the Complaint. During oral argument on the motion, the Count noted that Plaintiffs had not alleged in their pleadings that they had exhausted their administrative remedies for Count V, which alleges violations of the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101–6107, and Count VI, which alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. This Court may not exercise jurisdiction over these counts without the proper exhaustion of administrative remedies. Pursuant to an Order to Amend Pleadings by this Court (Docket No. 21), Plaintiffs filed a Second Amended Complaint (Docket No. 23) in which they allege that they exhausted their administrative remedies for Counts V and VI. However, Plaintiffs also filed a motion seeking a stay on Count V to permit them to complete the final steps of the administrative procedures for Count V (Docket No. 22). This Court granted the Plaintiffs' motion without objection. The parties have now submitted a stipulation to the Court in which they agree that Plaintiffs have now completed the exhaustion of administrative remedies under the Age Discrimination Act of 1975 (Docket No. 27). Accordingly, since the Court may now properly exercise jurisdiction over Count V, the Court lifts the stay on that count and addresses the merits of Defendants' Motion to Dismiss with respect to that count.

Count V asserts a claim for relief by the Class III Plaintiffs, previously certified as consisting of "[a]ll teachers who had less than ten years of creditable service with the [MSRS] on July 1, 1993 and who were on that date under the age of 40." Order Certifying Class Action (Docket No. 7). These Plaintiffs allege discrimination on the basis of age in violation of the Age Discrimination Act of 1975 ("ADA of 1975"), 42 U.S.C. §§ 6101–6107, which prohibits discrimination on the basis of age in programs or activities receiving federal funding. *Id.* § 6101.[1] The Class III Plaintiffs seek relief on the theory that certain 1993 amendments have a disparate impact on class members who, as younger MSRS members, suffered disproportionate increases in their contribution for fewer benefits and, further, "contribute disproportionately more than is actuarialy required to fund their retirement benefits." Amended Complaint at 17.

Defendants argue here that this class of Plaintiffs cannot properly assert unfair discrimination against them as younger persons in favor of other members who are older. There appears to be only one court decision on this question regarding the statute and it concluded, in *dictum,* that the broad, general language of the ADA of 1975 does provide such protection. *Rannels v. Hargrove,* 731 F.Supp. 1214, 1220–21 (E.D.Pa.1990) ("An intent to assist the elderly is not inconsistent with an intent to assist others."). However, this Court does not join the court in *Rannels* in its reading of the statute. There is simply no basis to conclude that this statute, part of the "Older Americans Amendments of 1975" and enacted to address the unique problems faced by older workers, can be used to protect younger workers as well. Differentiation based upon an employee's experience and seniority, both of which are acceptable forms of "discrimination," can result in some "disparate impact" on younger, less experienced workers, but it is unlikely that this "discrimination" was a target of the statute.[2]

---

1. The parties do not dispute that MSRS is a recipient of federal financial assistance.

2. Moreover, the statute contains exceptions which suggest that any discrimination resulting from the MSRS administration is not *impermissi-*

Accordingly, the Court **REMOVES** the stay previously imposed on Count V and **GRANTS** Defendants' Motion to Dismiss as to Count V.

So *ORDERED.*

---

*ble* discrimination in violation of the ADA of 1975. The statute provides, in pertinent part: It shall not be a violation of any provision of [the ADA of 1975] ... for any person to take any action otherwise prohibited by the provisions of [42 U.S.C. § 6102] if, in the program or activity involved—

(A) such action reasonably takes into account age as a factor necessary to the normal operation or the achievement of any statutory objective of such program or activity; or

(B) the differentiation made by such action is based upon reasonable factors other than age.

42 U.S.C. § 6103(b)(1). It is particularly difficult to imagine how a pension system in which the rights and benefits are determined by an employee's years of service, as most are, can avoid having some disparate impact upon certain age groups.